IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**THOMAS HOOGHE**                                                                                   **PETITIONER**

**V.**                                                  **CIVIL ACTION NO.: 3:15CV117-SA-DAS**

**NORRIS HOGAN and ATTORNEY GENERAL**
**OF THE STATE OF MISSISSIPPI**                                              **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the *pro se* petition of Thomas Hooghe, a Mississippi prisoner, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Hooghe has responded to the motion. For the reasons set forth below, Respondents' motion is granted, and this petition is dismissed as untimely.

**Facts and Procedural History**

Hooghe pleaded guilty to the unlawful taking of a motor vehicle in DeSoto County, Mississippi, and was sentenced pursuant to his plea on August 20, 2012, to serve a term of ten years in the custody of the Mississippi Department of Corrections. Respts' Mot. to Dismiss, Ex. A. On December 12, 2012, Hooghe signed a petition for post-conviction relief challenging his guilty plea and filed it in the DeSoto County Circuit Court. *Id.*, Ex. B. On May 6, 2013, the circuit court entered an order dismissing Hooghe's petition pursuant to Miss. Code Ann. § 99-39-11(2) ("If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified."). *Id.*, Ex. C. Hooghe appealed that

decision, and on May 6, 2014, the Mississippi Court of Appeals affirmed the circuit court's denial of the post-conviction motion. *Id.*, Ex. D; *see also Hooghe v. State*, 138 So. 3d 240 (Miss. Ct. App. 2014) (Cause No. 2013-CP-00845-COA). The mandate issued on May 27, 2014. *Id.*, Ex. E.

Hooghe first sought federal habeas relief on or about May 19, 2015. *See Hooghe v. Hogan*, 3:15cv82-MPM-SAA. His petition was dismissed without prejudice on June 29, 2015, however, after he failed to comply with an order that required him to either submit the filing fee or a completed *in forma pauperis* request. *Id.* On July 16, 2015, this Court received the instant federal habeas petition along with the $ 5.00 filing fee.[1]

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented

---

[1] Hooghe claims that his prior federal habeas action was dismissed because he was "unable to compel the Mississippi Dept. of Corrections to deduct" the filing fee from his prison account. *See* ECF No. 1 at 12.

> from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## Discussion

Hooghe pleaded guilty in State court, and by Mississippi statute, there is no direct appeal from a guilty plea occurring after July 1, 2008. *See* Miss. Code Ann. § 99-35-101. Therefore, Hooghe's judgment became final for purposes of the AEDPA on August 20, 2012, the date he was sentenced on the guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (holding that conviction becomes final "by the conclusion of direct review" or "the expiration of the time for seeking such review"). Absent tolling, Hooghe's federal habeas petition was due in this Court by August 20, 2013 — within one year of when his judgment of conviction became final. § 2244(d)(1)(A). However, because Hooghe signed his post-conviction petition on December 12, 2012, before the federal limitations period expired, he is entitled to statutory tolling for the 531 days it was pending (December 12, 2012 through May 27, 2014). *See* 28 U.S.C. § 2244(d)(2) (tolling the federal statute of limitations while a "properly filed" application

3

is pending).[2]  With the benefit of statutory tolling, Hooghe's federal habeas petition was due in this Court on or before February 2, 2015 (August 20, 2013 plus 531 days.)

The instant federal habeas petition was "filed" sometime between the date it was signed on July 14, 2015, when it was stamped filed in this Court on July 16, 2015.[3]  *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a *pro se* prisoner's petition filed on the date it is delivered to prison officials for mailing).  Therefore, Hooghe's petition was filed months beyond expiration of the February 2, 2015, deadline.  Accordingly, federal habeas relief is available to Hooghe only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period.  *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000).

The Supreme Court has held that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks and citations omitted).  The Fifth Circuit has also held that equitable tolling is available "if the [petitioner was] actively misled by the defendant about the

---

[2] Throughout late 2014 and early 2015, Hooghe filed several motions in State court that were denied as untimely filed.  *See* Respts' Mot. to Dismiss, Ex. F, Ex. G, and Ex. H.  Because none of these pleadings were timely filed, they are not "properly filed" pleadings that entitle Hooghe to additional statutory tolling under the AEDPA.  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding an application "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings").

[3] As previously noted, Hooghe filed an earlier, identical federal habeas motion on or about May 19, 2015 in Cause No. 3:15cv82-MPM-SAA.  That action was dismissed without prejudice.  Because the initial petition was also untimely, the Court finds it is unnecessary to determine whether the use of this earlier calculation date might be appropriate given Hooghe's allegation that he was prevented from litigating the first action due to MDOC's alleged failure to forward the filing fee to the Court.

cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted).

Hooghe claims that the Mississippi Court of Appeals' failure to properly notify him of the disposition of his post-conviction motion caused his tardiness in filing a federal habeas petition. He alleges that he did not receive notice of the State court's disposition of his post-conviction petition until November 19, 2014. Specifically, he claims that he mailed a change of address form to the Mississippi Court of Appeals on April 29, 2014, but that the decision affirming the rejection of his post-conviction petition was not mailed to him at his new address. He contends that he mailed another change of address notification in October 2014, and that he received notice on November 19, 2014, that the appellate court had affirmed the dismissal of his post-conviction petition in May 2014. *See* ECF No. 13 at 2-4; *see also Hooghe v. Mississippi*, Cause No. 2013-CT-00845-COA,"Appellant's Motion to Show Cause and Move for Rehearing" (search by party's name available at https://courts.ms.gov/appellate_courts/generaldocket.html) (last visited October 27, 2015).[4] Therefore, Hooghe claims, he is entitled to equitable tolling for the period of time he was unaware of the appellate court's disposition of his case, as he is not at fault for the court's failure to properly update his mailing address.

The Court notes that the lack of notice of a final judgment may constitute an extraordinary circumstance warranting equitable tolling where a petitioner pursues his federal remedies "with diligence and alacrity" upon receiving notice of the judgment. *Phillips v.*

---

[4] In his State court motion for rehearing, Hooghe claims that he first was informed of the adverse decision on his post-conviction petition on or about August 18, 2014, while participating as a plaintiff in a civil trial in federal court, but that he was unable to obtain an official notice from the State court until November 19, 2014. *See Hooghe v. Mississippi*, Cause No. 2013-CT-00845-COA,"Appellant's Motion to Show Cause and Move for Rehearing."

*Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). However, it is a petitioner's burden to demonstrate that he did not receive notice of the judgment. *Id.* (finding party seeking to establish tolling bears the burden). In denying Hooghe's motion for an extension of time to file a motion for rehearing, the Mississippi Court of Appeals noted that there is no record in its clerk's office supporting Hooghe's claim that he sent in timely changes of address as of April 29, 2015. *See, e.g.*, Respts' Mot. to Dismiss, Ex. F. The court determined that Hooghe had notified the court of a change of address earlier, on April 21, 2014, and that a copy of the May 6, 2014, opinion was mailed to that address. *Id.* According to the court, that mail was not returned as undelivered. *Id.* Therefore, upon review of the State court documents, it could be determined that Hooghe has failed to carry his burden of demonstrating that he did not receive notice of the May 6, 2014, judgment.

For purposes of determining whether equitable tolling should be applied in this case, however, the Court will assume that Hooghe could not have received official notice of the Mississippi Court of Appeals decision until November 19, 2014. The Court notes that Hooghe did not attempt to pursue federal habeas relief until, at the very earliest, May 19, 2015, the date on which he signed his first federal habeas petition, which was later dismissed without prejudice based on his failure to comply with the Court's orders. *See Hooghe v. Hogan*, 3:15cv82-MPM-SAA. Therefore, Hooghe delayed approximately six months in filing for federal habeas relief once he allegedly received notice of the State court decision. Hooghe could have complied with the federal deadline had he filed for federal habeas relief upon receiving notice of the State court's disposition of his post-conviction petition in November 2014. He could have still complied with the federal limitations period had he filed for federal habeas relief once his motion

6

to seek rehearing in State court was denied as untimely on December 23, 2014. *See* Respts' Mot. to Dismiss, Ex. F. Hooghe could have complied with the federal limitations period had he filed for federal habeas relief after the denial of his motion for an extension of time within which to petition for a writ of certiorari on January 22, 2015. *See id.*, Ex. G. Rather than pursue federal habeas relief upon notice of the disposition of his case, however, he chose to continue to litigate his case in State court. The Court determines, therefore, that Hooghe did not act with the diligence that would warrant equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (finding petitioner failed to act with diligence after waiting over four months to file his federal habeas petition following state court's denial of his requested writ); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding equitable tolling is warranted only if applicant diligently pursues federal habeas relief); *Phillips*, 216 F.3d at 511 (noting defendant filed his out-of-time appeal within three days after allegedly receiving notice and his federal habeas petition within one month after the denial of his out-of-time appeal). Hooghe is not entitled to equitable tolling of the limitations period.

Therefore, Hooghe's federal habeas petition is untimely unless he can establish that he is actually innocent of the crime with which he was charged. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Hooghe raises several arguments concerning the adequacy of the charging instrument and the factual basis for the crime. The Court notes that Hooghe pleaded guilty in this case. In doing so, he admitted "guilt of a substantive crime." *United States v. Broce*, 488 U.S. 563, 570 (1989). The "actual innocence"

7

exception to the one-year bar requires factual innocence, not legal insufficiency. *See Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir. 1996). Therefore, Hooghe's arguments fail to meet the "actual innocence" gateway. Accordingly, Hooghe's federal habeas petition is barred by 28 U.S.C. § 2244(d) and should be dismissed.

## Certificate of Appealability

A petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief, which he may do by making "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1) and (2). Because the instant petition is rejected on procedural grounds, Hooghe must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order to obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

The Court **GRANTS** Respondents' "Motion to Dismiss" [8] and **DISMISSES** with prejudice the petition filed in this cause. For the reasons set forth in this opinion and order, the Court further **DENIES** a certificate of appealability, as Hooghe failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this the 9th day of November, 2015.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**